ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3-26CR-088 O |
| v. | NO. _____ |
| SEAFOOD SUPPLY COMPANY, L.P. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, Seafood Supply Company, L.P, the defendant; Timothy Newman, the defendant's attorney; and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

   a.    to plead not guilty;

   b.    to have a trial by jury;

   c.    to have the defendant's guilt proven beyond a reasonable doubt;

   d.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

   e.    against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and the right to be indicted by Grand Jury. The defendant shall plead guilty to the offenses alleged in Counts 1 and 2 of the Information, charging a violation of 16 U.S.C. §§ 3372(d)(1), 3373(d)(3)(A)(i), that is, Lacey Act False Labeling. The defendant

1

understands the nature and elements of the crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

    a.    a fine not to exceed $500,000 per count, or twice any pecuniary gain to the defendant or loss to any victim(s);

    b.    a term of probation of not less than one year, nor more than five years, such term including conditions of probation;

    c.    both a fine and a period of probation; and

    d.    a mandatory special assessment of $400 per count.

4. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the factors set forth in 18 U.S.C. §§ 3353, 3572. The U.S. Sentencing Guidelines do not apply when calculating a fine for an organization charged with violating the Lacey Act. Nevertheless, the parties jointly recommend several aspects of the defendant's sentence and ask that the Court sentence accordingly, that is:

**(A) Criminal Fine:** The defendant shall pay a criminal fine of $250,000, due at sentencing.[1]

**(B) Probation and Environmental Compliance Plan:** The defendant shall be placed on **three years** of organizational probation. As a special condition of

---

[1] Pursuant to 34 U.S.C. § 20101(b)(1)(A) and (B) and 16 U.S.C. § 1861(e), the fine generated from the charged counts is payable to a National Oceanic and Atmospheric Administration ("NOAA") fund that was established by Congress to further enforcement of marine conservation laws.

probation, by sentencing, the defendant shall have implemented an **Environmental Compliance Plan** with the following features:

(i)   Policies and procedures to ensure compliance with federal and state laws regarding product labeling, including the Lacey Act and the Food, Drug, and Cosmetic Act.

(ii)   Seafood Marketing Policy that prohibits mislabeling of seafood. The policy shall be added to the defendant's Employee Handbook, and employees must attest to their understanding.

(iii)   Seafood Marketing Procedures for each of the defendant's departments to further ensure compliance with the Seafood Marketing Policy. These procedures shall be posted in employee work areas.

(iv)   Annual compliance training.

(v)   Quarterly review of purchase order and receiving records by outside counsel or consultants.

(vi)   Participation in the NOAA Voluntary Seafood Inspection program.

(vii)   Cooperation with inquiries from NOAA or the U.S. Department of Justice's Environmental Crimes Section.

(viii)   The defendant must conduct a detailed presentation of its Environmental Compliance Plan to the Government no later than 30 days after sentencing.

The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court. The defendant may not withdraw its guilty plea if the sentence exceeds the parties' joint recommendation.

5. **Defendant's agreement**: The defendant shall not knowingly provide false information to the U.S. Probation Office ("USPO"), the Court, or the government relating to the offenses of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

6. **Mandatory special assessment**: The defendant agrees to pay the U.S. District Clerk the amount of $800 in satisfaction of the mandatory special assessments prior to sentencing.

7. **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court, including fines or special assessments, is due and payable immediately. In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

   a. The defendant agrees that the financial statement, with any supporting documents, the defendant provides to the USPO may be shared with the Court and the government.

   b. The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

   c. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

8. **Restitution**: The parties agree that for purposes of this plea agreement only, the government is not seeking restitution in this case.

9. **Forfeiture**: The parties agree that for purposes of this plea agreement only, the government is not seeking forfeiture in this case.

10. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and the USDOJ Environmental Crimes Section and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge, including the reinstatement of charges dismissed pursuant to this plea agreement. In the event of such a violation, vacatur, or withdrawal, the defendant waives all objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives all objections to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

12. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. The defendant waives any claim that the Information covers conduct that occurred

beyond the statute of limitations. In addition, there have been no guarantees or promises from anyone as to what sentence the Court will impose.

13. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the Court. The defendant further waives the defendant's right to contest the conviction, sentence, or fine in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

14. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15. **Entirety of agreement**: This document, including any Supplement filed

contemporaneously, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this *13th* day of _February_, 202*6*.

RYAN RAYBOULD
UNITED STATES ATTORNEY

ADAM R.F. GUSTAFSON
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

By: _P. Hunter_

Renee M. Hunter (TX Bar No. 24072942)
Section Chief, Fraud and Public Corruption
U.S. Attorney's Office
1100 Commerce Street, Suite 300
Dallas, TX 75242
Phone: 214-659-8798
Email: Renee.Hunter@usdoj.gov

By: _____

Christopher L. Hale (FL Bar No. 339880)
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice
150 M. Street NE, Suite 4.117
Washington, DC 20002
Phone: 202-305-0321
Email: christopher.hale@usdoj.gov

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     2-4-26
LESIA HENSLEY, as President of          Date
Seafood Supply Company, L.P.
DEFENDANT

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____     2/4/26
Timothy Newman          Date
Attorney for Defendant